Sewall, J.,
delivered the opinion of the Court. The objection to this indictment is, that it was found by a grand jury, all of whom had not been legally sworn, in the form and manner prescribed by the recent statute respecting the selection, &c., ■ of jurors; and it is admitted that one of the jury had been affirmed and not sworn, according to the oath for grand jurors therein prescribed; the person thus affirmed being of the denomination of Christians called Quakers, who are scrupulous of taking judicial oaths.
Whether an exception of this kind is to be received at this stage of the proceedings, is a question which seems not to- nave been finally determined.
The number of jurors requisite to constitute a grand jury, or a traverse jury, is fixed by the common law ; so also are the personal qualifications of the jurors in many respects. These requisite qualifications are provided for in the mode for selecting and returning jurors, appointed by statutes enacted from time to time upon this subject.
Indictments not found by twelve good and lawful men, at the least, are void and erroneous at common law; and the circumstance that it was found by twelve men, is stated in the caption of every indictment, according to the English forms and practice. (3) But this formality has not been preserved with us; and the omission \a not to be objected to indictments found according to our practice, o 'z., “ The jurors for the commonwealth upon their oath present,” &c. An irregularity in this respect, if it should happen, might become a subject of inquiry upon a suggestion tó the Court; foi under their superintendence the grand jury is constituted, and must be understood to have the legal number of qualified men.
This being the construction to be given to the record, afielan indictment has been received and filed by the * Court, no averment to the contrary can be admitted as a formal plea. Objections to the personal qualifications of the jurors, or to the legality of the returns, are to be made before the indictment is found; and may be received from any person, who is under a presentment for any crime whatsoever; or from any person present, who may make the suggestion as amicus curiæ, (a)
*105 But without resting upon this, and acquitting the defendant to have the full benefit of the exception, if it ought to avail him, or if the empanelling of the grand jury, under the direction of the Court, was in point of law liable to the objection now stated, — we shall consider the case, as it stands upon the provisons of the several statutes applicable to the question. It will be necessary, at some time or other, to determine it.
Before the recent statute, above mentioned, Quakers, and persons scrupulous of taking judicial oaths, were either exempted or excused from serving on the grand jury; at least, no person was admitted as a grand juror, who was not sworn according to law; an oath being required of all grand jurors, without any provision for an alteration of the words or form ; and because of the doubts entertained by the Court upon the subject, since the existing statute was enacted, Quakers have generally been excused or dismissed from serving on the grand jury, when it has happened that any such persons have been returned.
But upon this question, as it is now presented, there has been a full opportunity to examine the existing statutes on the subject; and we are all of the opinion that Quakers are not incapacitated, or prevented by any of the requisites of the statutes, from serving on grand juries; and that an affirmation administered to them, as the statute prescribes, is equivalent to the oath appointed to be taken by other persons.
It is manifest that Quakers are not exempted from serving as jurors. They are liable to be placed in the boxes for jurors, and to be drawn. There is no prohibition against * returning them; and no permission to the selectmen to replace their names, when drawn either to serve as grand jurors, or on juries of trials. Inconveniences may, therefore, be apprehended from a continued practice of excusing or dismissing them, when returned upon the grand jury; and, in this view of the subject, it must be presumed that the legislature had no intention of excusing them, as no provision has been made for the case.
The difficulty which has occurred, and which the Court have been unwilling to overlook at the moment of calling the grand jury, is this. In the directions given so much in detail for the empanel- *106 ling of jurors, the two first named and appearing, after the names returned have been alphabetically arranged, are to be called and sworn, and the others in succession. Of the grand jury, those who succeed the two first named are to be sworn in this form: “ The same oath which your fellows have taken, you,” &c.
To these directions there is a proviso annexed for the relief of Quakers, when they cannot conscientiously take the oath prescribed. Such persons are to be allowed to make affirmation, substituting the word “ affirm ” for swear, and “ this you do under the pains and penalties of perjury,” for the more solemn sanction under which an oath is administered. And in these substitutions there has been no regard to the particular form by which those grand jurors, who succeed the two first, are to be sworn.
But we think the difficulty is not insuperable, and that the intent of the legislature is too plain to be avoided by this accidental omission in the prescribed form, when the provision itself extends substantially to every case. Besides, those who succeed are not always sworn by a reference to the oath administered to the two first; as when any arrive afterwards, not having heard the oath administered, they are then sworn according to the oath, as it is stated at large in the statute. The case of a Quaker is somewhat similar; and, in administering an affirmation in *the words of the oath at large, the words substituted are all the alterations that are requisite.
Whatever might be supposed of difficulty in this question, seems also to be removed by the later more general provision for the case of Quakers, (4) which permits an affirmation instead of an oath, prescribed to be taken before entering on the discharge of any office, place, or business, changing such parts of the oath as ought to be changed. It may deserve particular notice, however, that both in the statute respecting jurors, and in the latter statute, where the' more general provision is made, it is only the case of Quakers scrupulous of taking oaths, in which the legislature have authorized an affirmation to be received instead of an oath.

Respondeas ouster awarded.

 Cro. Eliz. 654. —2 Burr. 1088. — 2 Hawk. P. C. 307.

ft) [Hawkins says-that, if any one of the grand jury, who find an indictment, be within any one of the exceptions in the statute, he vitiates the whole, though ever so many unexceptionable persons joined with him in finding it, (B. 2, ch. 25, sec. 28,) and that the prisoner may plead such matter in avoidance of the indictment, and plead over to the felony. (B. 2, ch. 25, sect. 26.) And so says Cldtty, if it be discovered after the finding. (Crim. Law, vol. i. p. 307.) Why should not the exception he *105 a’ owed to be taken in the same way in our practice i The accused is never present when the grand jurors are empanelled; oftentimes has not yet been the subject of complaint; perhaps not of suspicion; and rarely has, or would deem it advisable to have, counsel in attendance to make exceptions, by way of precaution. What is there in the record to estop the party from pleading this matter, to which he could not other» wise except ? — Ed.]

 Stat. 1810, c. 127.